UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

FREELAND RILEY                                                                           PETITIONER

v.                                                                    CIVIL ACTION NO. 5:12CV-P183-R

KENTUCKY DEPARTMENT OF CORRECTIONS *et al.*                      RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner Freeland Riley initiated this action by filing a *pro se* "Petition Requesting P[er]mission to Appeal." As Respondents, he names the Kentucky Department of Corrections and Kentucky State Reformatory Warden Clark Taylor. He asks the Court to grant him permission to appeal his McCracken County Circuit Court conviction under indictment number 99-CR-000294 "in regards to what the official purpose for the visit that the McCracken Co. Sheriff's Department/Probation and Parole Officers. Because [he] feels that it was done in a way that violated his Constitutional Rights under the 4th Amendment of the United States Constitution and Section 10 of the Kentucky Constitution."

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing jurisdiction rests with the plaintiff/petitioner. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

Petitioner fails to meet this burden.  The relief sought by Petitioner, permission to appeal, is in the nature of mandamus, and "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).  To the extent that Petitioner wants to appeal his conviction to this Court, the Court is without jurisdiction under the *Rooker-Feldman* doctrine.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

> That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court.  A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.

*United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 781 (6th Cir. 2005) ("The *Rooker-Feldman* doctrine maintains the jurisdictional distribution in the federal courts by insuring that the federal district courts exercise only original jurisdiction."); *Howard v. Whitbeck*, 382 F.3d 633, 638 (6th Cir. 2004) ("The *Rooker-Feldman* doctrine . . . bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court.").

A convicted state-court prisoner may challenge his conviction on the ground that he is in custody in violation of the Constitution by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  If the petition is filed outside of the one-year, statute-of-limitations period, the petitioner must explain why.  Should Petitioner wish to file a habeas action, **the Clerk of Court is DIRECTED to send him a § 2254 packet.**

As the Court is without jurisdiction to entertain Petitioner's suit as presented, it will enter a separate Order dismissing this action.

Date:

cc: Petitioner, *pro se*
4413.005